UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Christopher Jones, | ) | C/A No. 2:12-2569-JMC-BHH |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| | ) | *for partial disposition* |
| Kema Clark a/k/a Kenny Clark; Officer Perelli a/k/a Edmond Pereira; Saluda Police Department, | ) | |
| Defendants. | ) | |

Christopher Jones ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a detainee at the Saluda County Detention Center, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Saluda Police Department should be summarily dismissed as a defendant in this action.

<u>Review pursuant to the Prison Litigation Reform Act (PLRA)</u>

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, a portion of the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement

of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff alleges that Kema Clark a/k/a Kenny Clark and Officer Perelli a/k/a Edmond Pereira arrested him on December 3, 2011, and they brought him to the Saluda County Detention Center. Compl. 3. He alleges they used excessive force on him in the booking area and that the attack caused him to suffer bodily injuries. *Id.* Plaintiff alleges Kema Clark a/k/a Kenny Clark and Officer Perelli a/k/a Edmond Pereira were employed at the Saluda Police Department. *Id.* at 2.

## Discussion

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S.Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Complaint fails to state a claim on which relief may be granted against the Saluda Police Department because it is not a person subject to suit pursuant to § 1983.

It is well settled that only "persons" may act under color of state law, and, therefore, a defendant in a § 1983 action must qualify as a "person." The Saluda Police Department is a group of officers in a building and, as such, is not subject to suit under § 1983. Buildings and correctional institutions, as well as sheriff's departments and police departments, usually are not considered legal entities subject to suit. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that a building, detention center, is not amenable to suit under § 1983 and that Food Service Supervisors was a group of people not subject to suit); *see also Post v. City of Fort Lauderdale*, 750 F. Supp. 1131 (S.D. Fla.1990) (dismissing city police department as improper defendant in § 1983 action because not "person" under the statute); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (dismissing police department as party defendant because it was merely vehicle through which city government fulfills policing functions). Accordingly, the Saluda Police Department should be summarily dismissed.

If Plaintiff is intending to sue the municipality of Saluda, South Carolina, a town is considered a person subject to suit pursuant to § 1983. *See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 689–90 (1978) (finding that municipalities and other local government bodies are "persons" subject to suit pursuant to § 1983). However, local government bodies may be liable only where official policy caused a plaintiff's injury. *See Connick v. Thompson*, 131 S.Ct. 1350, 1359 (2011). "They are not vicariously liable under § 1983 for their employees' actions." *Id.* Thus, a plaintiff must identify a municipal "policy" or "custom" that caused the plaintiff's injury. *Id.* Here, Plaintiff has not alleged a policy or

4

custom that caused his injuries. Thus, he failed to state a claim on which relief may be granted against the town.

Recommendation

Accordingly, it is recommended that the District Court dismiss the Saluda Police Department *without prejudice*. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). In an accompanying order, service of process has been authorized for the remaining defendants. **Plaintiff's attention is directed to the important notice on the next page.**

        s/Bruce Howe Hendricks
        United States Magistrate Judge

October 30, 2012
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).